UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLAZAR WILLIAMS,<br><br>          Plaintiff<br><br>     v.<br><br><br>CITY OF ALBANY POLICE DETECTIVE JAMES OLSEN, CITY OF ALBANY POLICE DETECTIVE CHRISTOPHER CORNELL, CITY OF ALBANY POLICE DETECTIVE LAWRENCE HEID and JOHN DOES Nos. 1 THROUGH 25, unknown law enforcement officers of the City of Albany Police Department,<br><br>          Defendants. | Civil Action No. 1:18-CV-1446 [LEK/DJS]<br><br>**USE OF EXCESSIVE FORCE**<br><br>**FALSE ARREST AND UNLAWFUL IMPRISONMENT**<br><br>**FAILURE TO INTERVENE**<br><br>**SUPERVISORY LIABILITY** |

<u>**COMPLAINT**</u>

E. STEWART JONES HACKER MURPHY, LLP

JAMES C. KNOX, ESQ.
Bar No. 517109
JULIE A. NOCIOLO, ESQ.
Bar No. 519914
28 Second Street
Troy, NY 12180-3986
Tel. (518) 274-5820

*Attorneys for Plaintiff Ellazar Williams*

Plaintiff ELLAZAR WILLIAMS, by and through his attorneys, E. STEWART JONES HACKER MURPHY, LLP, complaining of defendants, CITY OF ALBANY POLICE DETECTIVE JAMES OLSEN, CITY OF ALBANY POLICE DETECTIVE CHRISTOPHER CORNELL, CITY OF ALBANY POLICE DETECTIVE LAWRENCE HEID, and JOHN DOES Nos. 1 through 25, unknown law enforcement officers of the City of Albany Police Department, inclusive, alleges as follows:

## BACKGROUND AND JURISDICTION

1. This is an action for money damages bought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2. The defendants used excessive force against plaintiff by shooting him in the back without legal right or justification in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution and violated those same Amendments by making an unreasonable seizure of plaintiff.

## PARTIES

3. The plaintiff is a resident of the State of New York.

4. At all relevant times, defendants James Olsen, Christopher Cornell, and Lawrence Heid were duly-appointed detectives of the police department of the City of Albany, acting under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Albany.

5. At all relevant times, defendant John Does Nos. 1-25 were duly-appointed law enforcement officers of the police department of the City of Albany, acting under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Albany.

## FACTS

6.      On August 20, 2018, while in the City of Albany, New York, police responded to a call in the area of North Lake Avenue and Central Avenue.

7.      On said date, having committed no crime, plaintiff was lawfully in the City of Albany, New York, in the vicinity of North Lake Avenue and Central Avenue.

8.      Defendants, without reasonable suspicion of criminal activity by plaintiff, began chasing plaintiff without warning or explanation.

9.      Defendant Cornell used an unmarked police car to chase plaintiff, who was on foot.

10.     Defendants Olsen and Heid were defendant Cornell's passengers in said car.

11.     Thereafter, defendant Cornell, while operating his car, drove it directly at plaintiff, as plaintiff ran through the parking lot of a school located nearby at 395 Elk Street in the City of Albany, New York.

12.     Defendant Cornell slowed the vehicle to permit defendant Olsen to exit the vehicle with his firearm, allowing him to chase plaintiff on foot.

13.     Defendant Olsen chased plaintiff as he ran into the school grounds beyond the parking lot.

14.     Defendant Cornell continued driving toward plaintiff and then stopped and exited his vehicle with defendant Heid in the school parking lot.

15.     Defendants Cornell and Heid never attempted to stop defendant Olsen from chasing plaintiff and, in fact, materially aided defendant Olsen in the unjustified and unlawful pursuit of plaintiff.

16.     Defendants Cornell and Heid took no action to dissuade defendant Olsen or

otherwise prevent defendant Olsen from shooting at plaintiff during plaintiff's flight on foot.

17. While pursued by defendants Cornell, Olsen and Heid, shortly after running into the school grounds beyond the parking lot, plaintiff tripped, fell and got up, continuing at all relevant times to run away from defendants.

18. Shortly thereafter, defendant Olsen, from a distance approximately twenty (20) feet behind plaintiff, without just cause, legal right, or provocation, fired multiple rounds at plaintiff as he was running away, striking plaintiff with a single bullet close to the spinal column, near the middle of plaintiff's back, permanently damaging plaintiff's spinal cord.

19. Plaintiff immediately fell to the ground and was rendered insensible and immobile by the assault.

20. Plaintiff is paralyzed from the chest down because of the bullet unlawfully fired into his back by defendant Olsen. Plaintiff has been unable to move his lower torso, legs or feet since being shot by defendant Olsen.

21. Plaintiff has required extensive medical attention since the shooting, including hospitalization, wound care, pain management, neurological care, rehabilitative care, physical therapy, psychological care for depression resulting from being chased and shot and from being permanently paralyzed, and primary medical care for additional, consequential medical needs arising from his injuries.

22. Plaintiff is permanently disabled because of defendants' actions.

23. At all relevant times, defendant police actively participated in a joint venture. The individual police defendants assisted each other in performing the various actions described and lent their physical presence, support and the authority of their office, to each other during the described events.

24. At all relevant times, defendants Cornell, Olsen, and Heid were materially aided by and worked directly with defendant Does Nos. 1-22.

25. At all relevant times, defendants Cornell, Olsen, and Heid were supervised directly by defendant Does Nos. 23-25.

26. As a direct and proximate result of the acts of the defendants, the plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person, and to not be subjected to excessive force;

   b. Physical damages, including medical expenses, pain and suffering and psychological and emotional trauma; and

   c. Economic loss, including loss of income and other expenses.

## COUNT ONE

### 42 U.S.C. § 1983

### Use of Excessive Force

### (Defendant Police Detective James Olsen)

27. Plaintiff re-alleges and incorporates by reference herein all preceding paragraphs of plaintiff's complaint.

28. Defendants Olsen, by the actions detailed above, including but not limited to, chasing plaintiff and shooting plaintiff in the back while he ran away, used excessive force in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

29. As a direct and proximate result of the use of excessive force, plaintiff was

damaged by defendant Olsen.

30. These damages include, but are not limited to, loss of his physical liberty; physical damages, including medical expenses; pain and suffering and emotional trauma; as well as economic loss, including loss of income and other expenses arising out of his injuries and resultant permanent disability.

## COUNT TWO

### 42 U.S.C. § 1983

### False Arrest and Unlawful Imprisonment

### (Defendants City of Albany Police Detectives James Olsen, Christopher Cornell, and Lawrence Heid)

31. Plaintiff re-alleges and incorporates by reference herein all preceding paragraphs of plaintiff's complaint.

32. Even though plaintiff committed no crime and posed no threat to defendants Olsen, Cornell, and Reid, or to any other person, defendants, acting without probable cause, falsely arrested and unlawfully imprisoned plaintiff by chasing plaintiff, shooting him and rendering him paralyzed from the chest down.

33. As a direct and proximate result of the false arrest and unlawful imprisonment, plaintiff suffered damages.

34. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant police detectives for violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution while acting under color of law.

35. These damages include, but are not limited to, loss of his physical liberty; physical damages, including medical expenses; pain and suffering and emotional trauma; as well

as economic loss, including loss of income and other expenses arising out of his injuries and resultant permanent disability.

## COUNT THREE

### 42 U.S.C. § 1983
### Failure to Intervene

**(Defendants City of Albany Police Detectives Christopher Cornell, Lawrence Heid, and John Does Nos. 1 through 22)**

36. Plaintiff re-alleges and incorporates by reference herein all preceding paragraphs in plaintiff's complaint.

37. Defendants Cornell, Heid, and John Does Nos. 1 through 22 had a duty to intervene to prevent the use of excessive force by defendant Olsen.

38. Defendants Cornell, Heid, and John Does Nos. 1 through 22 had a reasonable opportunity to intervene to prevent the use of excessive force by defendant Olsen.

39. Defendants Cornell, Heid, and John Does Nos. 1 through 22 failed to intervene.

40. As a direct and proximate result of the above, plaintiff was damaged by defendants.

41. These damages include, but are not limited to, loss of his physical liberty; physical damages, including medical expenses; pain and suffering and emotional trauma; as well as economic loss, including loss of income and other expenses arising out of his injuries and resultant permanent disability.

## COUNT FOUR

### 42 U.S.C. §1983
### Supervisory Liability

**(Defendant John Does Nos. 23 through 25)**

42. Plaintiff re-alleges and incorporates by reference herein all preceding paragraphs in plaintiff's complaint.

43. Defendant John Does Nos. 23 through 25 were at all times relevant the direct supervisors of defendants Olsen, Cornell, and Heid.

44. Defendant John Does Nos. 23 through 25 were directly aware of the imminent use of excessive force against plaintiff by defendant Olsen.

45. Defendant John Does Nos. 23 through 25 were directly aware of the actual use of excessive force and unlawful seizure and arrest of plaintiff by defendants Olsen, Cornell, and Heid.

46. Defendant John Does Nos. 23 through 25 had the opportunity to direct defendants Olsen, Cornell, and Heid to refrain from and/or cease the use of excessive force and unlawful seizure and arrest of plaintiff.

47. Defendant John Does Nos. 23 through 25 failed to prevent or to stop the use of excessive force or the unlawful seizure and arrest of plaintiff by defendants Olsen, Cornell, and Heid.

48. As a direct and proximate result of the above, plaintiff was damaged by defendants.

49. These damages include, but are not limited to, loss of his physical liberty; physical damages, including medical expenses; pain and suffering and emotional trauma; as well as economic loss, including loss of income and other expenses arising out of his injuries and resultant permanent disability.

## **DEMAND FOR JURY TRIAL**

50. Plaintiff demands a jury trial on all causes of action.

WHEREFORE, plaintiff requests that this Court:

    a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

    b. Award punitive damages against defendants, as determined by the jury;

    c. Award reasonable attorney's fees and costs to the plaintiff on all counts;

    d. Award costs of this action to the plaintiff; and

    e. Award such other and further relief as this Court may deem appropriate.

Dated: December 16, 2018

                      **E. STEWART JONES HACKER MURPHY, LLP**

                By: /s/James C. Knox
                     JAMES C. KNOX, ESQ.
                     Bar Roll No. 517109
                     JULIE A. NOCIOLO, ESQ.
                     Bar No. 519914
                     28 Second Street
                     Troy, New York 12180
                     Telephone: (518) 274-5820
                     Facsimile: (518) 274-0556
                     E-Mail: jknox@joneshacker.com
                                 jnociolo@joneshacker.com