**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ELLAZAR WILLIAMS,

                          Plaintiff,

              v.                          1:18-CV-1446
                                                (LEK/DJS)

CITY OF ALBANY, *et al.*,

                          Defendants.

---

**APPEARANCES:**                                **OF COUNSEL:**

E. STEWART JONES HACKER MURPHY, LLP    JAMES C. KNOX, ESQ.
Attorneys for Plaintiff                           JULIE A. NOCIOLO, ESQ.
28 Second Street
Troy, NY 12180

THE REHFUSS LAW FIRM PC                STEPHEN J. REHFUSS, ESQ.
Attorney for Defendants                        ABIGAIL W. REHFUSS, ESQ.
40 British American Boulevard
Latham, NY 12110

**DANIEL J. STEWART**
**United States Magistrate Judge**

# DISCOVERY ORDER

     The parties are once again before the Court in connection with a discovery dispute. The present argument centers around the production of certain Use of Force Reports; Answers to Interrogatories; and Defendants' Responses to a series of Requests for Admission. Dkt. No. 36. Plaintiff's counsel indicate that they have attempted without success to resolve this matter informally and with good faith, and now request that the Court intervene. *Id.* Defense counsel has responded to the objections and maintains that

- 1 -

the Defendants responses have been "timely, abundant, and fully compliant…". Dkt. No. 44 at p. 3. In connection with this issue the Court directed an in-person and on-the-record conference, which was held on August 20, 2019, at which time counsel provide an opportunity to discuss each of the disputed items of discovery. This discovery ruling follows that discussion.

## I. USE OF FORCE REPORTS

This case arises out of an officer-involved shooting that occurred in the City of Albany on August 20, 2018. Dkt. No. 47, Am. Compl. Plaintiff's counsel had previously requested a series of Use of Force Reports[1] as part of the discovery process. In this Court's previous ruling it was determined that Plaintiff's request was over broad, unduly burdensome, and not proportionally relevant to the needs of the case, especially in light of the likely content of the Police Personnel Files that were to be disclosed. Dkt No. 28, Text Order Dated June 27, 2019. Plaintiff's counsel appealed this discovery ruling to Senior United States District Court Judge Lawrence Kahn, and that appeal remains pending as of this date. Dkt. No. 31. Nevertheless, and as part of their discovery demands, Plaintiff's counsel have again asked for such information. *See* Dkt. No. 36-1, Plaintiff's First Request for Interrogatories to Defendant Lawrence Heid ("Identify each and every incident report, civilian complaint, or other document pertaining to any report or investigation of Detective Lawrence Heid at any time during his law enforcement career."). In addition, certain Requests for Admissions have been propounded attempting

---

[1] Also referred to by the Defendants as "Subject Resistance Reports."

to obtain the information that was previously blocked by this Court's Order. *See* Dkt. No. 36-3, Plaintiff's Second Notice to Admit to Defendants ("Admit or deny the following … (39) That, prior to August 20, 2018, Defendant Heid had been accused of using excessive force as a police officer.").

At the recently held discovery conference Plaintiff's counsel raised two separate issues that they feel are relevant to the demands for prior Use of Force Forms. First, they note that an Amended Complaint has been filed on consent, and the Amended Complaint contains a *Monell* cause of action that had not previously been pursued. Dkt No. 47. It is Plaintiff's position that this new claim justifies a greater latitude of discovery regarding prior instances of uses of force, and the Department's response to them. *See generally T.H. by Shepherd v. City of Syracuse,* 2018 WL 3738945, at *5 (N.D.N.Y. Aug. 7, 2018) ("prior incidents and complaints regarding [police] officers, even those that are unsubstantiated, are relevant to plaintiff's [*Monell*] claims.").

The second issue was initially raised by defense counsel, and thereafter adopted by the attorneys for Plaintiff. At the discovery conference Attorney Rehfuss indicated that he had now obtained additional information from the City of Albany concerning the production of Use of Force or Subject Resistance Reports. In particular, he has now been advised that such forms are in fact electronically searchable by officer, at least for documents relating back to the calendar year 2009. This was different than counsel's previous understanding which he expressed to the Court, that such documents would need to be found by sifting through dusty cardboard boxes, causing great time and expense.

While these points may well be significant, absent a motion for reconsideration, the issue regarding this Court's prior ruling is no longer before it and is rather before Judge Kahn. Accordingly, the parties are directed to advise Judge Kahn in writing concerning the new Amended Complaint and the new information concerning the accessibility of the prior Use of Force Forms. It will then be up to Judge Kahn to then decide the matter considering this new factual landscape, or alternatively, to refer it back to this Court for reconsideration. FED. R. CIV. P. 72 ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. REQUESTS FOR ADMISSION

Plaintiff's counsel has served numerous Requests for Admission (RFA) upon the Defendants collectively rather than serving individual RFAs upon each Defendant. *See* Dkt. No. 36-3. The disputed RFAs cover a variety of topics, but a large section of those requests deal with purported state of mind of Defendants. The dispute arises because each Defendant individually responded to the RFAs and, as to questions regarding the state of mind or memory of co-Defendants, indicated that the responding Defendant could not answer as it called for information regarding the state of mind of another person. Dkt. Nos. 44-29, 44-30, & 44-31. For example, as construed by Defendants several RFAs asked Defendant Heid to admit that another Defendant Olsen "believed that deadly physical force was necessary to defend himself or another…" Dkt. No. 36-3 at ¶¶ 1-8. Similarly, another was understood by Officer Heid to be asking whether or not another officer "remembers every statement he made before the Albany County grand jury

regarding the events of August 20, 2018." *Id.* at ¶ 30. Plaintiff's counsel objects to these individual responses and noted at the recently held conference with the Court that it was their position that Defendants responding to a request such as this had an obligation to inquire of others and present a unified response. In other words, Defendant Heid would need to consult with Defendant Olson about what Olson actually believed, and then record that answer as his own. Defendants, in Plaintiff's view, were required to submit one "collective" response to the RFA rather than individual responses. Plaintiff's counsel believes that this procedure is mandated even where, as here, Defendant Olson already submitted responses in which he set forth what his state of mind was. *See* Dkt. No. 36-4, Defendant Olsen's Reponses to Plaintiff's Second Notice to Admit, at ¶¶ 1-9.

In the Court's view the RFAs at issue here have been properly responded to, and indeed the requests themselves are not proper and are contrary to the purpose of Rule 36. Rule 36(a) provides, in pertinent part, that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a).

As noted by the courts and treatises, RFAs are not intended to be a discovery device like depositions or requests to produce. *Henry v. Champlain Enterprises, Inc.*, 212 FRD 73, 77 (N.D.N.Y. 2003) (Treece, M.J.); 8B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2252 (3d ed. 2006). Properly understood, therefore, a request to admit "presupposes that the party proceeding under it knows the facts or has

the document and merely wishes its opponent to concede their genuineness." Federal Practice & Procedure § 2253. "A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36." *Id.* As a result, requests for admissions are required to be simple and direct and should promote the overall function of narrowing the factual issues in the case for trial. *Bruno v. City of Schenectady*, 2018 WL 6599403 (N.D.N.Y. December 17, 2018). "The manifest purpose of Rule 36 is to provide a means of fulfilling one of the mandates of Rule 1 of the Federal Rules of Civil Procedure 'to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact.'" *Iron Workers Local No. 60 Annuity Pension Fund v. Solvay Iron Works, Inc.*, 2017 WL 1458772, at *3 (N.D.N.Y. Apr. 24, 2017) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.,* 174 F.R.D. 38, 42 (S.D.N.Y. 1997)). In this regard, RFAs are generally used on factual matters upon which there is no real dispute, or to request determination concerning the genuineness of particular records or procedures. Recognizing that this procedure is subject to abuse, courts have excused parties from responding to request for admissions that are not designed to identify and eliminate matters in which the parties agree, but rather seek information relating to a fundamental disagreement at the heart of the lawsuit. *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018).

  In the present case, Plaintiff propounds Request for Admissions that are designed to act as discovery tools, not to narrow the undisputed issues before the Court. For example, the reasonableness of the use of force is the central contested issue in this case.

Plaintiff asked Police Officer Olsen, who actually fired the weapon that struck Plaintiff, regarding his state of mind at the time the decision to use force was made, and this RFA was responded to without objection. Plaintiff's further request for admissions regarding the alleged state of mind of the other Officers, or those officer's understanding of the state of mind of a different officer, are, in the Court's view, not a proper use of Request for Admissions. The Defendant's RFA Responses are therefore affirmed as to those disputed questions.

### III. INTEROGATORY RESPONSES

Plaintiff's objections to Defendants' Interrogatory Responses are contained in the letter dated July 18, 2019, sent to Defendants' counsel. Dkt. No. 36-7. In response, Defendants' counsel submitted certain supplemental responses, but otherwise stood by the initial responses of the Defendants. Dkt. Nos. 44-5, and 44-8. The Court has already addressed that aspect of those Interrogatories dealing with the production of use of force forms or related information. The next issue, therefore, is the Plaintiff's claim that Defendants' objections regarding overbreath are not justified, and their claim that Defendants' have asserted an attorney-client or other privilege, but have not submitted the necessary privilege log. Dkt. No. 36-7 at p. 2.

To resolve this dispute, the Court must consider the discovery demands at issue. By way of example, Plaintiff's counsel propounded Interrogatories which require a particular Defendant to "identify each and every statement [defendant] made regarding the August 20, 2018 pursuit and shooting of plaintiff, including the date and location of each statement as well as the present location of any recorded statement whether written

or oral." *See, e.g.,* Dkt. No. 36-2 at ¶ 6. Additional Interrogatories require the Defendants to identify each and every meeting, hearing or proceeding which the Defendant attended regarding the shooting, and more broadly, to identify each and every individual that the Defendant may have spoken with regarding the shooting of the Plaintiff, including the date time and location of such conversation. *Id.* at ¶¶ 7 & 8. Defendants have objected to these requests as being overbroad and note that the requests necessarily requires information concerning communications between the Defendants and their counsel which would be protected by the attorney-client privilege. *Id.*

Plaintiff is generally correct that when faced with an interrogatory that requests information protected by the attorney-client privilege, the objecting party has the obligation to produce a privilege log or similar information. This is because a party claiming privilege must provide sufficient information regarding the nature of the material produced or not produce to allow the opposing party to evaluate the applicability of the claimed privilege. FED. R. CIV. P. 26(b)(5). To the extent that the interrogatory requests non-privileged information, that portion of the request should be responded to unless there is some other appropriate objection. *See* FED. R. CIV. P. 33(b) Advisory Committee Notes (1993)). This procedure, however, has its limits. Literally read, the Plaintiff's present Interrogatory demand would require the production of *each and every* statement made between the Defendant and his counsel.[2] Considering the unlimited nature of what is requested by this Interrogatory, a detailed privilege log would be unduly

---

[2] To their credit, Plaintiff's counsel conceded the problematic nature of this aspect of the demand at the most recent conference with the Court.

burdensome and unwarranted. In other such circumstances courts have found it sufficient for the objecting counsel to identify the area of privilege without a specific statement-by-statement log. *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey,* 297 F.R.D. 55, 59 (S.D.N.Y. 2013) ("a categorical privilege log is adequate if it provides information about the nature of the withheld documents sufficient to enable the receiving party to make an intelligent determination about the validity of the assertion of the privilege."). While not perfectly compliant, Defendants responses have essentially identified the privilege concern with enough specificity to allow Plaintiff to understand the nature of their claim, and the Court upholds their objection.

This then leaves the issue as to whether the remaining Interrogatory request is overly broad. Here, the Court does believe that a high profile event such as this may well be the subject of numerous conversations, many possibly minor and of only a fleeting nature. *Oliveira v. Cairo-Durham Cent. Sch. Dist.,* 2013 WL 4678313, at *3 (N.D.N.Y. Aug. 30, 2013) (Treece, M.J.) (finding as to interrogatory requesting that the Defendant "[i]dentify each person, excluding attorneys, with whom you have discussed any aspect of this action, state the dates and describe the substance of the statement or discussion" that the defendant's limited response was adequate). On the other hand, the Plaintiff does have the right to know whether the Defendants gave substantive statements about the shooting, particularly as part of their employment obligations. For example, the Police Officers could have been initially debriefed or provided statements to those on the scene of the shooting, and thereafter provided either a written summary as part of a Suspect Resistance Report or other inquiry, and then, possibly, submitted to a recorded interview.

- 9 -

Some police departments even have officers in a shooting participate in a critical incident stress debriefing process. *See, Thevenin v. City of Troy*, 16-CV-1115, Dkt. No. 61, Memorandum Decision & Order dated March 2, 2018. Plaintiff in this case has the right to know whether these events occurred, and to search for the content of a Police Officer's prior statements about the very event at issue in the litigation.

Accordingly, the Defendants' objections to the Interrogatories based upon the attorney-client privilege are accepted by the Court. However, as to Heid and Cornell Interrogatories numbers 6, 7, & 8, and Olsen Interrogatories numbers 7, 8, & 9, a supplemental response by the Defendants should be provided which details, to the best of each Defendant's ability, conversations or meetings that the Defendant had with fellow employees and/or individuals in a supervisory capacity, or otherwise as part of some debriefing, regarding the August 20, 2018 incident, the identity of the individuals involved with those interviews or discussions, and the production of any written statements, meeting notes, or recorded interviews. This process should be facilitated by the fact that the City of Albany has now been named as a Defendant, and so the claim that the Defendant is not in custody or control of any written or recorded statement, would not apply.

## CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Letter-Motion regarding the present discovery dispute (Dkt. No. 36) is hereby **GRANTED IN PART AND DENIED IN PART**, as set forth above, and it is further

**ORDERED**, that the parties shall notify Judge Lawrence Kahn of the recently filed Amended Complaint and the newly discovered information regarding the production of use of force or suspect resistance reports.

Dated: August 28, 2019
   Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge